IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONALD CHEREPSKI                                                                                      PLAINTIFF

v.                                        Case No.  4:13-cv-00433 KGB

APPLE, INC.                                                                                              DEFENDANT

**OPINION AND ORDER**

Plaintiff Donald Cherepski brings this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, alleging age discrimination.  Mr. Cherepski asserts age discrimination claims against defendant Apple, Inc. ("Apple") for failure to hire him at its Little Rock, Arkansas, store.  Before the Court is Apple's motion to dismiss (Dkt. No. 12).  Mr. Cherepski has responded in opposition (Dkt. No. 14), and Apple has replied (Dkt. No. 16).  Apple seeks to dismiss the complaint against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Mr. Cherepski's alleged failure to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and for failure to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

**I.     Factual Background**

Accepting the allegations in the complaint as true for the purposes of this Order, the pertinent facts are these.  On or about May 18, 2011, Delina Pulliam, the recruiting manager for Apple, contacted Mr. Cherepski for a brief telephone interview.  He passed that telephone interview and was chosen to participate in the first round of in-person interviews.

On or around May 25, 2011, Mr. Cherepski attended the first round of live interviews for a position at Apple's Little Rock store.  He alleges that Apple's interviewing team decided he would make a good employee for a part-time position and invited him back for a second round of interviews at a later date.  Sometime after the first in-person interview, Ms. Pulliam called Mr.

Cherepski to inquire about his willingness to take a sales position, at least in the beginning of his employment, until a position in the creative department of Apple's store became available. Mr. Cherepski states that he assured Ms. Pulliam that a sales position was conducive to his desire to work for Apple.

On or around July 1, 2011, Ms. Pulliam contacted Mr. Cherepski again to confirm with him a second interview which he attended and passed on or around July 12, 2011. During that second interview, he met with an initial interview panel and Jerry Collum, Apple's regional market leader. On or around July 26, 2011, Everett Hagen, a manager for Apple's Little Rock store, emailed Mr. Cherepski to notify him that he did not receive the position for which he interviewed, but Mr. Hagen stated that Mr. Cherepski would be placed on a "bench list" of potential employees and contacted should a position become available.

On or around April 23, 2012, Mr. Cherepski emailed the Chief Executive Officer of Apple to say that he believed Apple had engaged in discriminatory practices throughout the hiring process. After this, on or about June 8, 2012, based on the allegations in his EEOC charge, Apple again interviewed Mr. Cherepski for employment at its Little Rock store. Apple denied Mr. Cherepski employment, citing such reasons as his "availability."

On or around July 17, 2012, Mr. Cherepski filed a charge of discrimination with the EEOC alleging age discrimination. At the time of his EEOC filing Mr. Cherepski was 67 years old and within the protected class of individuals under the ADEA. On or about June 27, 2013, the EEOC issued to Mr. Cherepski a dismissal and a notice of right to sue.

Mr. Cherepski states that, at all times relevant, he is and was qualified for the position; that Apple unlawfully discriminated against him by refusing to hire him because of his age in violation of the ADEA; and that, upon information and belief, Apple hired substantially younger,

less qualified individuals instead of Mr. Cherepski. Mr. Cherepski further states that, as a result of Apple's actions, he has sustained and will in the future sustain financial loss, including the loss of salary and other benefits. Mr. Cherepski seeks damages for past and future lost wages and benefits, liquidated damages, and equitable relief as provided by the ADEA.

## II.      Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must satisfy the pleading requirement of Rule 8(c)(2), which requires that a complaint present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Specific facts are not required; the complaint must simply "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not a probability requirement. Thus, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of

the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id*. (internal quotations omitted).

### A.     Administrative Remedies

Apple first contends that the complaint fails to state a claim because Mr. Cherepski did not appropriately exhaust his administrative remedies with the EEOC.  Under the ADEA, a charge of discrimination must be filed with the EEOC within 180 days of the alleged unlawful practice.  29 U.S.C. § 626(d)(1)(A).  Apple argues that, because Mr. Cherepski did not file a charge of discrimination with the EEOC until July 17, 2012, roughly a year after Apple notified him of its decision on his application for employment, Mr. Cherepski's claim is time barred.

"The timely filing of an EEOC charge is a requirement for bringing a[n] . . . ADEA suit in federal court."  *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009).  Apple relies on two related legal theories in furtherance of its argument that Mr. Cherepski did not timely file his EEOC charge.  The first is that requests for reconsideration do not revive time-barred claims. *Delaware State Coll. v. Ricks*, 449 U.S. 250, 261 n.15 (1980) ("Mere requests to reconsider . . . cannot extend the limitations periods applicable to the civil rights laws.").  The second is that there can be no failure to hire where there was no application for employment and no vacant position.  However, Apple cites no controlling ADEA law to support this second proposition. Regardless, on the record before the Court at this stage in the litigation, the Court cannot conclude that Mr. Cherepski's April 2012 email to Apple's Chief Executive Officer and Apple's subsequent June 2012 interview of Mr. Cherepski constitute only a *mere* request to reconsider, as Apple contends, nor can the Court conclude based on the facts alleged in the complaint that Mr. Cherepski had not effectively reapplied for a vacant position at that time.  The Court must construe the facts in favor of Mr. Cherespksi at this stage in the litigation.  Thus, on the facts

alleged, the Court does not find that Mr. Cherepski failed to exhaust his administrative remedies such that his ADEA claims are time barred.  Because the Court reaches this conclusion based on the facts alleged, the Court need not reach the issue of equitable tolling argued by the parties.

### B. Inference of Age Discrimination

Apple argues, in the alternative, that Mr. Cherepski's complaint should be dismissed for failure to allege facts to support an inference of age discrimination.

> To establish a prima facie case of age discrimination based on a failure to hire, a plaintiff must prove "(1) that the plaintiff was in the protected age group (over forty); (2) that the plaintiff was otherwise qualified for the position; (3) that the plaintiff was not hired; and (4) that the employer hired a younger person to fill the position."

*Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 515 (8th Cir. 2011).  Mr. Cherepski has alleged that he is over 40; that he was at all times qualified for the position; that he was not hired; and that, "[u]pon information and belief, Defendant continued the interview process and subsequently hired younger, less qualified individuals instead of Plaintiff" (Dkt. No. 1, ¶31).

Apple argues that Mr. Cherepski fails to allege properly the fourth element of his *prima facie* case sufficient to withstand its motion to dismiss.  Apple cites two cases from this Court in support of its argument.  The first is *Hill v. Select Specialty Hospital - Little Rock, Inc.*, 2011 WL 5103326 (E.D. Ark. Oct. 27, 2011), a race and sex disparate treatment employment discrimination case brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.  In that case, a *pro se* plaintiff alleged in her complaint that "Defendants, all white, denied Plaintiff the right to contract the same as white persons." *Id.* at *2.  The court held that the plaintiff's complaint was "void of allegations that similarly situated employees outside of her protected classes were treated differently.  [Plaintiff's] conclusory allegation that Defendants denied her the right to contract on the same terms as white persons will not suffice." *Id.*  The

5

second is *S & G Development LLC v. Arkansas Development Finance Authority*, 2012 WL 266466 (E.D. Ark. Jan. 30, 2012), a race discrimination case filed against a state agency for the agency's alleged failure to fund plaintiffs' development and brought under Title VII, the Arkansas Civil Rights Act, and 42 U.S.C. § 1981. The court in that case decided that the plaintiffs made "no statements to support their bare claim that the only reason the [agency] rejected their application was race." *Id.* at *2. The court further held that the plaintiffs failed to state a claim as a matter of law because they did not have a contract or employment relationship with the defendants. *Id.*

This Court finds these two cases cited by Apple distinguishable from the instant case because, *inter alia*, neither of the cases cited are failure to hire cases nor are they age discrimination cases. In a disparate treatment case such as *Hill*, the Court would expect some factual substantiation as to how defendants denied plaintiff the right to contract on the same terms. In a failure to hire case, before discovery, such as the instant case, it is unclear what Apple would like Mr. Cherepski to allege, or what Mr. Cherepski could allege, to survive a motion to dismiss other than explaining his age and qualifications and then stating that "Defendant continued the interview process and subsequently hired younger, less qualified individuals instead of Plaintiff." Apple cites a string of non-controlling cases from other jurisdictions which it contends supports the proposition that other courts have found allegations like Mr. Cherepski's to be insufficient on a motion to dismiss. The Court notes that these decisions to dismiss are highly fact-specific. However, to the extent these cases suggest that a complaint like Mr. Cherepski's complaint does not have the facial plausibility sufficient to withstand a motion to dismiss, the Court declines to follow them. Instead, this Court finds that Mr. Cherepski's complaint contains "sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Apple also makes the argument that Mr. Cherepski may not rely "upon information and belief" to survive a motion to dismiss after *Twombly* and *Iqbal*. Apple again cites several non-controlling cases from other jurisdictions for this proposition. However, this Court declines to adopt the exercise of requiring Mr. Cherepski to strike "upon information and belief" from his complaint in order to state a viable claim.

\* \* \*

For the foregoing reasons, this Court finds that Mr. Cherepski has sufficiently stated a claim upon which relief may be granted at this stage in the litigation. Apple's motion to dismiss is denied (Dkt. No. 12).

SO ORDERED this 17th day of July, 2014.

_____
Kristine G. Baker
United States District Judge